IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH VENABLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-05-663-W |
| v. | ) |
| | ) |
| MARTY SIRMONS, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is challenging the convictions for Driving Under the Influence After Former Conviction entered against him in the District Court of Oklahoma County, Case Nos. CF-98-1583 and CF-98-4455. Respondent has moved to dismiss the Petition on the ground that it is barred by operation of 28 U.S.C. §2244(d)(1), to which Petitioner has responded. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as untimely.

On February 18, 1999, Petitioner entered blind pleas of guilty to charges of Driving Under the Influence After Former Conviction ("DUI-AFC") in Case Nos. CF-98-1583 and CF-98-4455. He entered a third blind plea of guilty on February 19, 1999, to a charge of DUI-AFC in Case No. CF-98-7781, and he entered a fourth blind plea of guilty on June 17,

1999, to a charge of DUI-AFC in Case No. CF-99-1069.[1]  Brief in Support of Motion to Dismiss, Ex. 2 (<u>Venable v. State</u>, District Court of Oklahoma County, Case Nos. CF-98-1583, CF-98-4455, CF-98-7781, and CF-99-1069, Order Denying Application for Post-Conviction Relief).  On July 1, 1999, Petitioner was sentenced in all four cases.  With respect to Case No. CF-98-1583, Petitioner was sentenced for the DUI-AFC conviction to serve a five-year term of imprisonment to run consecutively to the sentence entered in Case No. CF-98-4455 and concurrently to the sentences entered in Case Nos. CF-98-7781 and CF-99-1069 for the DUI-AFC convictions.  In Case No. CF-98-4455, Petitioner was sentenced for the DUI-AFC conviction to serve a ten-year term of imprisonment.  In Case No. CF-98-7781, he was sentenced for the DUI-AFC conviction to serve a seven-year term of imprisonment, and in Case No. CF-99-1069, he was sentenced for the DUI-AFC conviction to serve a ten-year term of imprisonment.

Petitioner did not appeal the convictions entered in these four cases.  He filed his first application for post-conviction relief in the district court on November 30, 2004.  The undersigned takes judicial notice of the grounds raised in this application in light of the application's availability to the public on the website, http://www.oscn.net.  In this application, Petitioner asserted that all of his sentences in Case Nos. CF-98-1583, CF-98-4455, CF-98-7781, and CF-99-1069 should have run concurrently with the other sentences because he entered his guilty plea pursuant to a plea agreement with the prosecution that all

---

[1] Petitioner entered blind pleas of guilty to other charges in these cases which are not relevant to the issues raised by Petitioner herein.

of his sentences would run concurrently.  He asked the court to modify or amend the judgment and sentences in Case Nos. CF-98-1583 and CF-98-4455 to show that all of the sentences in these two cases run concurrently with each other and with the other sentences. Petitioner also alleged in this post-conviction application that his sentences in Case Nos. CF-98-4455 and CF-99-1069 were illegally enhanced under the wrong habitual offender statute. The district court rejected Petitioner's claims in an order entered February 7, 2005, on the ground that Petitioner procedurally defaulted his claims by failing to appeal his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). Brief in Support of Motion to Dismiss, Ex. 2.  Petitioner appealed this decision, and in an order entered March 23, 2005, the OCCA affirmed the district court's decision that Petitioner was procedurally barred from asserting his challenges to the sentences entered in the four cases as a result of his failure to directly appeal the convictions.  Brief in Support of Motion to Dismiss, Ex. 1 (Venable v. State, Case No. PC-2005-214 (Okla. Crim. App. Mar. 23, 2005)).

In the instant Petition, Petitioner contends that his sentences in Case Nos. CF-98-1583 and CF-98-4455 should have run concurrently with the sentences entered in all of the four cases in which he entered guilty pleas.  Respondent contends that Petitioner is barred from seeking federal habeas relief with respect to this claim because the one-year limitation period governing the filing of a federal habeas petition concerning these convictions has expired.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214.  The

3

AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Additionally, the one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

Petitioner was sentenced in Case Nos. CF-98-1583, CF-98-4455, CF-98-7781, and CF-99-1069 on July 1, 1999. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on July 11, 1999, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitation period applicable to the

Petitioner's filing of a federal habeas petition expired one year later, on July 11, 2000, absent statutory or equitable tolling exceptions. 28 U.S.C. §2244(d)(1).

Petitioner contends that he sought to have his sentences modified through a judicial review process in 2002 and that he sought collateral review of his convictions in the district court on June 30, 2004, in an application to amend his judgment and sentences in the four cases. The docket sheet in Case No. CF-98-1583 reflects that on October 2, 2002, an order was entered denying Petitioner's request for judicial review of his sentence and that on June 30, 2004, Petitioner filed an application for motion to amend judgement and sentence. However, these applications were not filed within the one-year limitation period governing the filing of a federal habeas petition with respect to the convictions being challenged herein, and the applications therefore do not toll the running of the limitation period. 28 U.S.C. §2244(d)(2).

Petitioner also alleges that he first learned he had five more years to serve in Case No. CF-98-1583 on June 30, 2004. With this assertion, Petitioner is alleging that the limitation period governing his federal habeas petition should begin on the date he first learned of the factual basis for his claims. Under 28 U.S.C. §2244(d)(1)(D), the one-year limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner does not assert that any external impediment prevented him from discovering the factual basis for his claim prior to June 30, 2004. The gist of Petitioner's claim is that an inconsistency exists in the consecutive-concurrent nature of the multiple sentences imposed upon him by the district

court on July 1, 1999. Petitioner refers only to "the way his Judgment and Sentence is written" to support this perceived inconsistency. Petitioner has not shown that, with due diligence, he could not have discovered the factual basis of his claim at the time he was sentenced on July 1, 1999, and received documentary evidence of the sentences imposed on that date. Accordingly, Petitioner has not shown that 28 U.S.C. §2244(d)(1)(D) should govern the running of the one-year limitation period.

Alternatively, Petitioner contends either (1) that the limitation period should be subject to equitable tolling because of his ignorance of the AEDPA's limitation period or (2) that the AEDPA's limitation period does not apply to him "since he is not a terrorist, nor was he sentenced to death." Petitioner's lack of knowledge of the AEDPA's limitation period does not warrant equitable tolling of the limitation period. In this circuit, the §2244(d)(1) limitation period "may be subject to equitable tolling." Miller, 141 F.3d at 978. In Miller, the circuit court contemplated that extraordinary circumstances, *i.e.*, "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetence," may warrant equitable tolling of the §2244(d)(1) limitation period. Id. at 978. Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, the Tenth Circuit has recognized that §2244(d)(1) "requires inmates to diligently pursue claims" in state and

federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808. Petitioner has not diligently pursued his federal claims, nor has he shown any extraordinary circumstances sufficient to warrant the equitable tolling of the limitation period. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling is generally not justified by *pro se* prisoner's ignorance of law). Accordingly, the Petition should be dismissed on the basis that it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    August 29th   , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  9th   day of   August  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE